UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CITICAPITAL COMMERCIAL
CORPORATION,

            Plaintiff,

  v.

BB ACQUISITION LLC, et al.,

            Defendants.

CASE NO. C05-2033JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on cross-motions for summary judgment (Dkt. ## 30, 36). The court has considered the parties' briefing and accompanying declarations and finds the matter appropriate for disposition without oral argument. For the reasons stated below, the court GRANTS the motion from Defendant Raine Simplot and DENIES the motion from Plaintiff CitiCapital Commercial Corporation ("CitiCapital").

## II. BACKGROUND

The central facts of this lawsuit are not in dispute. CitiCapital wishes to collect on a debt. In June 2004, CitiCapital loaned a Washington company, EEX Acquisition LLC ("EEX"), over four million dollars to purchase and refurbish a boat, docked in Seattle.

ORDER – 1

CitiCapital secured the loan through a guaranty agreement, which Defendants Douglas Toms, Donald Simplot, and BB Acquisition LLC signed. Douglas Toms and Donald Simplot signed the agreement above text that reads: "individually, and on behalf of his marital community, if any." Campanella Decl., Ex. 1 at 3. At the time he executed the contract, Donald Simplot was married to Raine Simplot. The agreement requires the guarantors to "perform, pay, and discharge" EEX's liabilities and obligations to CitiCapital. Id. at 1. EEX failed to repay the loan and in October 2005, filed for bankruptcy.

In December 2005, CitiCapital filed this lawsuit to collect against the guarantors. Soon thereafter, Donald Simplot and Raine Simplot finalized their divorce. On January 3, 2006, Donald Simplot filed for bankruptcy protection in Idaho, triggering an automatic stay of the current proceedings against him under 11 U.S.C. § 362.

CitiCapital now moves for partial summary judgment on grounds that Raine Simplot, Donald Simplot's now ex-wife, is liable under the guaranty agreement by virtue of her membership in the marital community. Raine Simplot cross-moves for summary judgment on the same question. She also challenges the basis for this court's personal jurisdiction over her.

### III. DISCUSSION

On a motion for summary judgment, the court is constrained to draw all inferences from the admissible evidence in the light most favorable to the non-moving party. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden,

ORDER – 2

the opposing party must show that there is a genuine issue of fact for trial. Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The opposing party must present significant and probative evidence to support its claim or defense. Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). When confronted with purely legal questions, the court does not defer to the non-moving party.

**A.    Liability of Raine Simplot and the Simplot Marital Community**

As the outset, the court concludes that the debt on the guaranty agreement is a community debt. See Smith v. Smith, 860 P.2d 634, 639 (Idaho 1993) (applying presumption that debt incurred during marriage is a community debt). Under Idaho law[1] either spouse may enter into contracts that bind community assets, other than real property. Idaho Code § 32-912. There is no dispute that Donald Simplot signed the agreement during the couple's marriage. Nevertheless, Raine Simplot argues that Donald Simplot could not have entered into a contract to benefit the community because the couple did not maintain a marital community "as such." Opp'n at 3. She cites the couple's prenuptial agreement, which purports to keep the parties' assets separate and requires both spouses to sign all debt instruments. Lederman Decl., Ex. 8 at ¶ 6. In doing so, Raine Simplot fails to provide any legal authority nor is the court aware of any that stands for the proposition that a couple's private contractual arrangement somehow binds third-party creditors. In the event that a creditor looks to Raine Simplot's assets to satisfy an unpaid debt, her remedy would be to seek indemnity from her ex-husband; the prenuptial agreement does not otherwise alter the status of the community in relation to third-parties.

---

[1] The parties do not dispute that the court applies Idaho law in examining the authority of each spouse to encumber community property. See G.W. Equip. Leasing, Inc. v. Mt. McKinley Fence Co., 982 P.2d 114, 117-118 (Wash. Ct. App. 1999) (applying law of the state where couple resides).

ORDER – 3

Although the court concludes that the guaranty agreement is a community debt, CitiCapital may not pursue a breach of contract claim against Raine Simplot as the non-signatory spouse. See Twin Falls Bank & Trust Co. v. Holley, 723 P.2d 893, 896 (Idaho 1986) (holding that wife was not contractually liable for debt on a promissory note that only husband signed during the couple's marriage). CitiCapital argues that Raine Simplot is liable simply because she currently possesses traceable community assets. Reply at 6 ("Raine Simplot, as the possessor of marital community assets, is liable on the Guaranty as a matter of law"). The Holley court rejected this cart-before-the-horse approach when it clarified the distinct concepts of (a) *liability*, and (b) potentially liable *assets*, which may include community property. 723 P.2d at 869. The court reasoned that the community property system does not change the rights and obligations inherent in the creditor-debtor relationship, it "merely affects the type and kinds of property to which the creditor may look for satisfaction of his unpaid debt." Id. The Holley court therefore held that the ex-wife was not contractually liable on a promissory note that her husband signed during marriage, even if he entered into the contract to benefit the marital community. Applying similar logic, the court also rejected the creditor's argument that the "marital community" was a "debtor" for purposes of contractual liability. Id. (stating that the phrase "community debtor" is "imprecise and misleading" because "[t]he marital community is not a legal entity such as a business partnership or corporation.").

CitiCapital urges this court to confine the scope of the Holley decision to questions of post-judgment collection and execution of unpaid debts. This court declines to read such a limitation into the decision. Indeed, the Idaho court squarely confronted the liability question when it stated: "[the wife], not having signed the note, was not contractually liable for the debt . . . only [the husband] signed and is liable for the note." Id. The court also rejects CitiCapital's attempt to distinguish Holley on its facts.

ORDER – 4

CitiCapital correctly notes that the husband in Holley renewed and renegotiated the promissory note after the couple divorced. Id. at 894-95. Indeed, the lower court construed this post-dissolution act as creating a new contract that could only encumber the husband's assets. Id. at 895. Importantly, the Idaho Supreme Court *rejected* this basis for absolving the wife's liability and instead looked to the original promissory note executed during marriage. Because she did not sign the note, the court held that the wife was not liable. Id. at 896.

The court therefore concludes that under Idaho law, Raine Simplot is not contractually liable on the guaranty agreement that Donald Simplot signed during the couple's marriage. See Holley, 723 P.2d at 896. Moreover, the Simplot marital community is not a legal entity that CitiCapital can stake its claim against. See id. Instead, Donald Simplot is the contractually liable party. Accordingly, the court grants Raine Simplot's motion for summary judgment.

The parties should not construe the court's ruling as indicative of whether CitiCapital can at some point in the future reach traceable community assets in Raine Simplot's possession. See id. at 897 (describing circumstances under which a creditor can proceed against assets distributed to an ex-spouse). That question is simply not before the court.

**B.    Personal Jurisdiction**

Finally, the court notes that it has personal jurisdiction over Raine Simplot by virtue of her membership in the marital community with Donald Simplot. See Barer v. Goldberg, 582 P.2d 868, 872-74 (Wash. Ct. App. 1978) (upholding exercise of personal jurisdiction over ex-wife where husband entered into contract in the forum state during the couple's marriage in community property state). No party contests that the court would have personal jurisdiction over Donald Simplot given his entry into a guaranty

ORDER – 5

agreement with two Washington co-guarantors to purchase a boat berthed in Washington. His contacts with the forum state, in turn, subject Raine Simplot to this court's jurisdiction. See id. at 874 ("[W]e hold that the transaction by the husband as manager of the community, is all that is necessary to subject the wife to jurisdiction . . . ."). Raine Simplot does not dispute this legal principle, she simply reiterates that the prenuptial agreement somehow negates the existence of a marital community. As stated, the court rejects this unsupported theory, and therefore asserts personal jurisdiction over Raine Simplot.

## IV. CONCLUSION

For the reasons stated above, the court GRANTS Raine Simplot's summary judgment motion (Dkt. # 36) and DENIES CitiCapital's motion (Dkt. # 30).

Dated this 4th day of December, 2006.

JAMES L. ROBART
United States District Judge

ORDER – 6